IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

DONALD BERNHARDSEN and CARLOS GALVIS,

      Plaintiffs,

v.

WESTERN ELECTRICITY COORDINATING COUNCIL, a Utah corporation,

      Defendant

---

## COMPLAINT

---

Plaintiffs Donald Bernhardsen and Carlos Galvis, by and through undersigned counsel, file this Complaint against Western Electricity Coordinating Council, a Utah corporation ("WECC").

## STATEMENT OF THE CASE

1. The federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* (the "FLSA") and the Washington Minimum Wage Act, RCW §49.46.005, *et seq*., (the "Washington Minimum Wage Act") contain various rules regarding employee wages and working hours.  Defendant has violated these laws by failing to pay "time and one-half" premium pay for all overtime hours worked.  This action seeks to recover damages and backpay to compensate Plaintiffs for these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiffs each are former employees of WECC who worked for WECC in the

State of Washington.

3.     Defendant Western Electricity Coordinating Council is a corporation organized under the laws of the State of Utah with its corporate offices located at 155 North 400 West, Suite 200, Salt Lake City, Utah 84103.  At all times relevant to this action, WECC has been located in and has conducted business in the State of Colorado.

4.     This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.  Venue is proper under 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

5.     Subject to oversight by the Federal Energy Regulatory Commission, the North American Electric Reliability Corporation ("NERC") is a not-for-profit entity whose mission is to ensure the reliability of the bulk power system in North America.  NERC develops and enforces reliability standards; annually assesses seasonal and long-term reliability; monitors the bulk power system through system awareness; and educates, trains and certifies industry personnel.  NERC's area of responsibility spans the continental United States, Canada and the northern portion of Baja California, Mexico.   Entities under NERC's jurisdiction are the users, owners and operators of the bulk power system, which serves more than 334 million people.

6.     WECC operates under a delegation agreement with NERC as the Regional Entity responsible for coordinating and promoting bulk electric system reliability in the Western Interconnection.  WECC's service territory extends from Canada to Mexico.  It includes the provinces of Alberta and British Columbia, the northern portion of Baja California, Mexico, and all or portions of the fourteen Western states between, including Washington and Colorado.

7.      In addition to its main office in Salt Lake City, Utah, WECC maintains offices in Vancouver, Washington and Loveland, Colorado.  Plaintiffs worked in WECC's Washington office as Reliability Coordinator System Operators ("RCSO's").  RCSO's are analogous to air traffic controllers only, instead of air traffic, they regulate the transmission of bulk electricity among North American utilities.  RCSO's provide these services to the utilities through operation of computer equipment located at WECC's offices, which is networked with the utilities.  Through this network, utilities feed data regarding the bulk electrical system to WECC, which data is monitored by WECC's computer equipment and RCSOs.

8.      The FLSA and Washington Minimum Wage Act require employees to be compensated at their "regular rate of pay" for all time worked.  Moreover, the statutes require employees to be compensated at "time and one-half" their regular rate of pay for all overtime hours worked, *i.e.*, hours in excess of forty in one workweek or twelve in one day.  Although Plaintiffs worked overtime hours for WECC, WECC failed to pay all overtime compensation due under state and federal law.  In particular, WECC counted additional hours worked in an overtime workweek as hours worked in a non-overtime workweek.  As a result, these additional overtime hours were compensated at the regular rate of pay rather than at the overtime rate.

9.      Plaintiffs are without records sufficient to provide the number of overtime hours they worked that were not compensated properly by WECC.  Since state and federal law require WECC to keep detailed records of employee hours worked, however, Plaintiffs will provide precise damage figures upon production of this information.

## FIRST CLAIM FOR RELIEF
### (Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.)

10.     Plaintiffs incorporate by reference all of the above paragraphs.

11.     At all relevant times, WECC has been, and continues to be, an "employer" within the meaning of the FLSA.  WECC is an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.  At all relevant times, on information and belief, WECC has had gross volume of sales in excess of $500,000.  At all relevant times, WECC has employed, and/or continues to employ, non-exempt "employees," including Plaintiffs.  Plaintiffs consent to sue in this action pursuant to 29 U.S.C. § 216(b).

12.     While employed by WECC, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

13.     As a result of the foregoing conduct, as alleged, WECC has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.*  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

14.     As a result, Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

15.     Plaintiffs incorporate by reference all of the above paragraphs.

16.     WECC contracted to pay Plaintiffs the overtime premium for hours worked in excess of forty in any given workweek.  By treating hours worked in an overtime workweek as hours worked in a non-overtime workweek as described above, WECC violated this obligation.

17.     Plaintiffs fulfilled their contractual obligations and performed all conditions precedent.

18.     As a result of WECC's breach, Plaintiffs have been damaged in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
**(Violation of the Washington Minimum Wage Act, RCW §49.46.005, *et seq*.)**

19.     Plaintiffs incorporate by reference all of the above paragraphs.

20.     At all relevant times, WECC has been, and continues to be, an "employer" within the meaning of the Washington Minimum Wage Act.  At all relevant times, WECC has employed, and/or continues to employ, "employees", including Plaintiffs, within the meaning of the Washington Minimum Wage Act.

21.     As a result of the foregoing conduct, as alleged, WECC has failed to pay wages due and has violated the Washington Minimum Wage Act.  These violations were committed knowingly, willfully and with intent to deprive Plaintiffs of their wages.

22.     As a result, Plaintiffs has have been damaged in an amount to be determined at trial.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in favor of themselves and against WECC as follows:

1.     Awarding Plaintiffs their compensatory damages, attorneys' fees and litigation expenses as provided by law;

2.     Awarding Plaintiffs their pre-judgment, post-judgment and moratory interest as

provided by law;

       3.       Awarding Plaintiffs exemplary damages, liquidated damages and/or statutory penalties as provided by law; and

       4.       Awarding Plaintiffs such other and further relief as the Court deems just and proper.

       Respectfully submitted this 26th day of October, 2015.

*s/Brian D. Gonzales*
_____
Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
123 North College Avenue, Suite 200
Fort Collins, Colorado  80524
Telephone: (970) 212-4665
Facsimile: (303) 539-9812
BGonzales@ColoradoWageLaw.com

*Counsel for Plaintiffs*